[No. B218939. Second Dist., Div. Four. Nov. 5, 2010.]

MICHAEL HOWE, Plaintiff and Appellant, v.
SEVEN FORTY TWO COMPANY, INC., Defendant and Respondent.

**COUNSEL**

Law Offices of George T. Kelly and George T. Kelly for Plaintiff and Appellant.

Joseph L. Stark & Associates and Joseph L. Stark for Defendant and Respondent.

## OPINION

**EPSTEIN, P. J.**—In this case we hold that although the presumption of negligence established by Evidence Code section 646 (res ipsa loquitur) disappears upon the introduction of evidence tending to rebut the presumed fact, the plaintiff is still entitled to rely on the logic of the underlying common law inference of negligence if the evidence supports it, as it does in this case.

This negligence lawsuit arose from injuries suffered by appellant Michael Howe when he fell off of a counter stool at a restaurant operated by respondent IHOP.[1] The trial court found no evidence that respondent had actual or constructive notice of a defect in the stool, and granted respondent's motion for summary judgment. Appellant argues the trial court erred in failing to consider the res ipsa loquitur doctrine as a separate basis for respondent's liability. We reverse the judgment.

### FACTUAL AND PROCEDURAL SUMMARY

On June 26, 2008, appellant Michael Howe visited respondent's IHOP restaurant in Alhambra. When he sat down on a counter stool and leaned against the back, the chair fell off the base, causing him to fall to the ground. No other physical condition of the premises contributed to the fall.

There were seven counter stools at the restaurant, each attached to a metal base which fitted into a riser bolted to the floor. Each metal base was attached to the wood seat by three wood screws. Of the three screws attached to the seat, the subject of this complaint, two broke approximately one-half inch from the head, and one broke about one-fourth inch below the head. Appellant had no knowledge or information as to what caused the screws to break. When appellant turned the stool in order to sit down, he did not notice anything wrong with the stool and felt no looseness. Appellant did not know whether the screws failed before he placed his body on the seat, and he observed nothing about the screws which indicated long-term failure.

According to its managers, respondent conducted regular inspections of the restaurant which included looking at the bottom of the stools. Only the heads

---

[1] Although IHOP is named as the defendant, Seven Forty Two Company, Inc., named and served as Doe 1 to the complaint, is the defendant and respondent on this appeal. Seven Forty Two Company listed IHOP Corp. as the indemnitee/franchisor in the certificate of interested entities filed with this court. References to respondent IHOP in this opinion are to IHOP/Seven Forty Two Company, Inc.

of the screws were visible from the bottom of the stools. No evidence was submitted that the inspection involved more than a visual examination of the bottom of the stools. Prior to the accident, there had been no previous reported incident of a counter stool seat separating from the metal base. Appellant had visited the restaurant the week before the incident. He did not observe any problems with the seat while other patrons used it.

Appellant's complaint included causes of action for premises liability and general negligence. Respondent moved for summary judgment, presenting undisputed evidence that it had conducted regular inspections and that the stools had been used on a regular basis without any previous reported instance of a stool base breaking off and falling to the ground. At the hearing on the summary judgment motion, appellant claimed that respondent's "inspection program is unreasonable," arguing that the facts supported an inference of negligence under the doctrine of res ipsa loquitur. This, in turn, raised a triable issue of fact sufficient to defeat a motion for summary judgment.

The trial court granted the summary judgment motion, finding no triable issue of material fact as to respondent's negligence. Judgment was entered and appellant filed this timely appeal.

## DISCUSSION

"[A] motion for summary judgment may only be granted when, considering all of the evidence set forth in the papers and all inferences reasonably deducible therefrom, it has been demonstrated that there is no triable issue as to any material fact and the cause of action has no merit." (*Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga* (2009) 175 Cal.App.4th 1306, 1331 [96 Cal.Rptr.3d 813]; Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment must demonstrate that there is no triable issue of fact, either by showing that the cause of action has no merit or that one or more elements of the cause of action cannot be established. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 [107 Cal.Rptr.2d 841, 24 P.3d 493].) Once the defendant makes this showing, the burden shifts to the plaintiff to show that there are issues of triable fact. To do that, the plaintiff must " 'set forth the specific facts showing that a triable issue of material fact exists' " and " 'may not rely upon the mere allegations or denials' " of its pleadings. (*Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 849.) Our review of the trial court's ruling granting summary judgment is de novo. (*Id.* at p. 860.)

■ In his complaint, appellant alleges that respondent was negligent and therefore is liable for injuries suffered when he fell off the counter stool on respondent's premises. To establish liability on a negligence theory appellant must prove duty, breach, causation and damages. (Rest.3d Torts, § 6; *Nola M. v. University of Southern California* (1993) 16 Cal.App.4th 421, 426 [20 Cal.Rptr.2d 97].) ■ While an owner is not an insurer of safety to those on its premises, an owner owes them "a duty to exercise reasonable care in keeping the premises reasonably safe." (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205 [114 Cal.Rptr.2d 470, 36 P.3d 11].) A store owner exercises reasonable care when it regularly inspects the premises and the required level of care corresponds to the risks involved. (*Ibid.*) In its motion for summary judgment respondent presented evidence that it conducted regular inspections of the stools and had no indication of problems with the seat of the stool separating from its base.

■ In opposition, appellant contended that the doctrine of res ipsa loquitur applied to demonstrate the presence of negligence and raised a triable issue of fact. "The doctrine of res ipsa loquitur is applicable where the accident is of such a nature that it can be said, in the light of past experience, that it probably was the result of negligence by someone and that the defendant is probably the one responsible." (*Di Mare v. Cresci* (1962) 58 Cal.2d 292, 298–299 [23 Cal.Rptr. 772, 373 P.2d 860]; see also *Brown v. Poway Unified School Dist.* (1993) 4 Cal.4th 820, 838–839 [15 Cal.Rptr.2d 679, 843 P.2d 624].)

■ Res ipsa loquitur is an evidentiary rule for "determining whether circumstantial evidence of negligence is sufficient." (*Brown v. Poway Unified School Dist., supra,* 4 Cal.4th at p. 825.) In California, it is "a presumption affecting the burden of producing evidence." (Evid. Code, § 646,[2] subd. (b); see also Assem. Com. on Judiciary, com. on Assem. Bill No. 333 (1965 Reg. Sess.) reprinted at 29B pt. 2 West's Ann. Evid. Code (1995 ed.) foll. § 604, p. 59, which states that "[s]uch a presumption is merely a preliminary assumption in the absence of contrary evidence, *i.e.,* evidence sufficient to sustain a finding of the nonexistence of the presumed fact.")

■ In order to invoke res ipsa loquitur, the plaintiff has the burden to establish three conditions: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." (Prosser, Torts (4th ed. 1971) § 39, p. 214; see also *Ybarra v. Spangard* (1944) 25 Cal.2d 486, 489 [154 P.2d 687].) If the plaintiff

---

[2] All further statutory references are to the Evidence Code unless otherwise indicated.

establishes these conditions, the doctrine applies and the defendant is presumptively negligent. (§ 604; see also § 646, subd. (c).)

We are satisfied that appellant presented sufficient evidence to invoke the res ipsa loquitur doctrine. First, it is safe to say that in light of common experience, a counter stool does not ordinarily fall off its base when used normally unless someone is negligent. Second, the counter stool in this case was in respondent's exclusive control. According to the declarations of Jose Delgado, the manager of respondent's restaurant for 14 years preceding the current manager, and Tomas Ruiz, who has been the manager of respondent's restaurant since November 2007, no changes or modifications were made in the method by which the stool was attached to its metal base. Finally, appellant sat upon the stool in an ordinary manner, tilting it about an inch to facilitate his doing so. There was sufficient evidence to establish that the doctrine of res ipsa loquitur applied.

The res ipsa loquitur doctrine was recognized in California and other jurisdictions for decades before its codification into section 646. But it was problematic with respect to just what kind of inference or presumption of negligence it presented, and whether it persisted in the face of evidence to rebut the presumed fact. (See Comment, *Evidence: Burden of Proof: Res Ipsa Loquitur* (1924) 12 Cal. L.Rev. 138, 139 ["great amount of confusion [exists] as to the effect of the rule res ipsa loquitur" and where it applies, particularly with respect to its effect on burden of proof]; Louisell & Williams, *Res Ipsa Loquitur—Its Future in Medical Malpractice Cases* (1960) 48 Cal. L.Rev. 252, 256 [there was "most grievous confusion" among the cases about relation of the doctrine to inference, presumption, burden of going forward with the evidence, and burden of proof; authors suggest rule shifting burden of proof as solution].)

■ The confusion was resolved by the enactment of section 646 in 1970. That statute, which is based on a recommendation of the California Law Revision Commission, classified the doctrine as a presumption affecting the burden of producing evidence. Under that classification, when the predicate facts are established to give rise to the presumption, the burden of producing evidence to rebut it shifts to the defendant to prove lack of negligence or lack of proximate cause that the injury claimed was the result of that negligence. As a presumption affecting the burden of producing evidence (as distinguished from a presumption affecting the burden of proof), if evidence is presented to rebut the presumed fact, the presumption is out of the case—it "disappears." But if no such evidence is submitted, the trier of fact must find the presumed fact to be established. As section 604 explains: "The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence

is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption. Nothing in this section shall be construed to prevent the drawing of any inference that may be appropriate."

■ The Law Revision Commission comments to Evidence Code section 646 are instructive: "If evidence is produced that would support a finding that the defendant was not negligent or that any negligence on his part was not a proximate cause of the accident, the presumptive effect of the doctrine vanishes." (Cal. Law Revision Com. com., 29B pt. 2 West's Ann. Evid. Code (1995 ed.) foll. § 646, pp. 198–201 (Comment).) "[T]he mere introduction of evidence sufficient to sustain a finding of the nonexistence of the presumed fact causes the presumption, as a matter of law, to disappear." (*Slater v. Kehoe* (1974) 38 Cal.App.3d 819, 833 [113 Cal.Rptr. 790]; see *Newing v. Cheatham* (1975) 15 Cal.3d 351, 364 [124 Cal.Rptr. 193, 540 P.2d 33].) When the presumptive effect vanishes, it is the plaintiff's burden to introduce actual evidence that would show that the defendant is negligent and that such negligence was the proximate cause of the accident. (§ 646, subd. (c); see also § 604.)

IHOP presented evidence, in the form of declarations by past manager Delgado, and current manager Ruiz. This evidence was to the effect that respondent performed regular visual inspections of the entire restaurant and looked at the bottom of the stools during such inspections, and there was no previous reported incident of a counter stool seat separating from the metal base prior to appellant's accident. This is evidence tending to prove the accident was not due to negligence on the part of IHOP.

■ But that does not end the case. As the Comment explains, even though the presumptive effect of the doctrine vanishes, "the jury may still be able to draw an inference that the accident was caused by the defendant's lack of due care from the facts that gave rise to the presumption. . . . [¶] . . . [¶] . . . An inference of negligence may well be warranted from all of the evidence in the case even though the plaintiff fails to establish all the elements of res ipsa loquitur. See Prosser, Res Ipsa Loquitur: A Reply to Professor Carpenter, 10 So.Cal.L.Rev. 459 (1937). In appropriate cases, therefore, the jury may be instructed that, even though it does not find that the facts giving rise to the presumption have been proved by a preponderance of the evidence, it may nevertheless find the defendant negligent if it concludes from a consideration of all the evidence that it is more probable than not that the defendant was negligent." (Comment, *supra*, at pp. 198–199.)

■ The same is true where the predicate facts for application of the common law res ipsa loquitur doctrine are proven, but evidence to rebut the presumed fact also is presented. The outstanding example, as applied to the present case, is found in Justice Traynor's opinion in *Rose v. Melody Lane* (1952) 39 Cal.2d 481 [247 P.2d 335], a decision long preceding the 1970 codification in section 646. In that case, a bar stool at a cocktail lounge gave way almost immediately upon the plaintiff sitting down on the seat. The operator of the cocktail lounge argued that the accident was caused by a latent defect in a pin holding the stool to a pedestal and that the evidence of negligence was insufficient. But there were other theories as to what might have caused the accident, and the jury was not obliged to accept the hypothesis advanced by the defendant. "The doctrine of res ipsa loquitur concerns a type of circumstantial evidence upon which plaintiff may rely to discharge his burden of proving defendant's negligence. Such evidence was given to the jury in this case. The nature of the accident and the fact that defendant and its agents were the only persons whose negligence could have been involved give rise to the inference that defendant was negligent. There is no reason why the jury may not draw that inference without, as well as with, a specific instruction authorizing them to do so." (39 Cal.2d at p. 488.)

In other words, the plaintiff is permitted to proceed in those cases, but must do so without aid of the presumption.

This result also is illustrated by a further portion of the Comment. The commission gives several examples of situations in which the res ipsa loquitur doctrine is applicable. Where the predicate facts giving rise to the presumption are established as a matter of law but there is evidence to rebut the presumed fact, the presumption vanishes, but (except in rare cases where the inference of negligence is dispelled as a matter of law), the court may instruct the jury that it may infer from the established facts that the defendant's negligence was a proximate cause of the accident, and the court is required to give that instruction when requested. (Comment, *supra*, at p. 200.) And where the basic facts are contested and evidence is introduced to rebut the presumption, the presumption vanishes, but the doctrine may still support an inference that the accident resulted from the defendant's negligence. Again, an appropriate instruction on the inference is appropriate. (Comment, *supra*, at p. 201; see CACI No. 417.)

■ The unrebutted predicate facts were enough to raise a triable issue of material fact requiring denial of respondent's motion for summary judgment.

## DISPOSITION

The judgment is reversed. Appellant is to have his costs on appeal.

Manella, J., and Suzukawa, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 19, 2011, S188958.