[No. C065094. Third Dist. Feb. 7, 2012.]

TOM GETCHELL et al., Plaintiffs and Appellants, v.
ROGERS JEWELRY, Defendant and Respondent.

COUNSEL

Clayeo C. Arnold, Bruce E. Leonard and Leslie M. Mitchell for Plaintiffs and Appellants.

Lewis, Brisbois Bisgaard & Smith, Andrew E. Benzinger and Gregory P. Matzen for Defendant and Respondent.

OPINION

**BLEASE, J.**—This is not a typical slip-and-fall case. Plaintiff Tom Getchell (plaintiff), a business invitee, alleges that he was injured when he slipped and fell on jewelry cleaning solution in the back room of defendant's jewelry

store, which was accessible only to plaintiff and defendant's employees. A summary judgment was entered in defendant's favor on the ground plaintiff failed to establish that defendant had actual or constructive notice of the dangerous condition.

Plaintiff appeals, contending he was "not required to make any showing of notice by [defendant] because it was [defendant] and its own employees who created the dangerous condition which caused [his] injury . . . ."

This is not an ordinary slip-and-fall case because it turns on whether the dangerous condition was created by the negligence of an employee over whom defendant had control. In such a case the notice doctrine applicable in dangerous condition of property cases is governed by the doctrine of respondeat superior. Since this case arises on summary judgment the dispositive question is whether on the facts tendered in the summary judgment motion there is a reasonable inference that the dangerous condition was caused by the negligence of one of defendant's employees.

Where, as here, plaintiff produces evidence from which a reasonable inference can be drawn that the dangerous condition was created by defendant or its employees, defendant is charged with notice of the dangerous condition. (*Oldham v. Atchison, T. & S. F. Ry. Co.* (1948) 85 Cal.App.2d 214, 218–219 [192 P.2d 516] (*Oldham*).) Accordingly, we shall conclude the trial court erred in entering summary judgment in defendant's favor and reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

At all relevant times, plaintiff Tom Getchell worked as an independent contractor repairing jewelry at defendant Rogers Jewelry store in the Arden Fair Mall. He alleges that (1) he slipped in jewelry cleaning solution in the break room of defendant's store and was injured, and (2) the solution leaked onto the floor from its container or was poured onto the floor by one of defendant's employees. He sued defendant for negligence and premises liability. Getchell's wife, Diane Getchell, asserted a cause of action for loss of consortium.

Defendant moved for summary judgment on the grounds that Getchell failed to show that defendant had actual or constructive notice of the dangerous condition and that the condition was open and notorious. In support of its assertion that it lacked notice, defendant submitted the declarations of its store and office managers, both of whom represented that they did not have any notice that the cleaning solution was on the floor on the day

Getchell slipped and fell or at any other time, and that there had been no reports of falls in the Arden Fair Mall store other than Getchell's.

Getchell opposed the motion. In support of his opposition, he submitted his own declaration in which he made the following representations: the cleaning solution is stored in a five-gallon bucket in the employee break area. The only people who have access to the break room and who use and have access to the cleaning solution are Getchell and defendant's employees. The bucket has a rotating spigot pump. In order to use the spigot, it must be rotated over the side of the bucket. When not in use, the spigot is supposed to be positioned over the bucket. That way, if it leaks, it will drip onto the lid of the bucket instead of the floor. Whenever Getchell used the spigot, he returned it to a position above the lid. On several occasions, he observed defendant's employees use the spigot and leave it positioned over the side of the bucket such that if the spigot were to leak, it would drip onto the floor.

The accident occurred on September 13, 2006. Getchell's last day of work prior to the accident was September 11, 2006. He returned to work on the morning of September 13, 2006, entered his work area to set up his tools, and within a few minutes slipped in a pool of cleaning solution. He did not use the cleaning solution on September 13, 2006, prior to the accident. The only persons with access to the cleaning solution during this period and who could or would have used it were defendant's employees. No evidence was tendered that the bucket or spigot was in a defective condition or had leaked in the past.

Based on the evidence set forth in his declaration, Getchell argued that because defendant and its employees had exclusive control over the premises where the accident occurred as well as the bucket from which the solution was dispensed, defendant and its employees created the dangerous condition, and thus, had constructive notice of the same.

The trial court entered summary judgment in favor of defendant. It found that "although [Getchell's] hypothesis describes one possible way that cleaning solution could have gotten onto the floor, it is speculation and not evidence of how the cleaning solution got on the floor in this case. . . . Without evidence of how the cleaning solution got on the floor prior to plaintiff's slip and fall or evidence that the spigot had leaked onto the floor previously, plaintiffs cannot dispute defendant's showing that plaintiffs have no evidence that defendant had actual or constructive knowledge of a dangerous condition, that is, a pool of 'cleaning solution' on the floor of defendant's property." The trial court rejected the alternative ground urged by defendant in support of its motion—that the dangerous condition was open and notorious.

## DISCUSSION

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476 [110 Cal.Rptr.2d 370, 28 P.3d 116]; see also Code Civ. Proc., § 437c, subd. (c).) If a defendant establishes that one or more elements of a cause of action cannot be established or that there is a complete defense to that cause of action, the burden shifts to the plaintiff to show that a triable issue exists as to one or more material facts. (*Doe v. California Lutheran High School Assn.* (2009) 170 Cal.App.4th 828, 834 [88 Cal.Rptr.3d 475], citing *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 [107 Cal.Rptr.2d 841, 24 P.3d 493].) If the trial court finds that no triable issue of fact exists, it then has the duty to determine the issue of law. (*California School of Culinary Arts v. Lujan* (2003) 112 Cal.App.4th 16, 22 [4 Cal.Rptr.3d 785].)

On appeal, we review the trial court's decision de novo. (*Merrill v. Navegar, Inc., supra*, 26 Cal.4th at p. 476.) We view the evidence in a light favorable to Getchell as the losing party. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768–769 [107 Cal.Rptr.2d 617, 23 P.3d 1143].)

■ Getchell was a business invitee of defendant, working on its premises for its benefit, and it was defendant's duty to use ordinary care to furnish him a safe place within which to work. (*Oldham, supra*, 85 Cal.App.2d at p. 218.) Generally speaking, a property owner must have actual or constructive knowledge of a dangerous condition before liability will be imposed. (See *Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1206 [114 Cal.Rptr.2d 470, 36 P.3d 11] [milk spilled on the store's public floor].) In the ordinary slip-and-fall case, as in *Ortega*, the cause of the dangerous condition is not necessarily linked to an employee. Consequently, there is no issue of respondeat superior. Where, however, "the evidence is such that a reasonable inference can be drawn that the condition was created by employees of the [defendant], then [the defendant] is charged with notice of the dangerous condition." (*Oldham, supra*, 85 Cal.App.2d at p. 219; see also *Hatfield v. Levy Bros.* (1941) 18 Cal.2d 798, 806 [117 P.2d 841] (*Hatfield*).)

In *Oldham*, a railroad conductor was injured when he stepped from a moving freight train into an accumulation of debris in a narrow space between the train and the defendant's building. (*Oldham, supra*, 85 Cal.App.2d at pp. 215–217.) The place where the accident occurred was under the exclusive control and management of the defendant, and the conductor was a business invitee to whom the defendant owned a duty of care in providing a safe place to work. (*Id.* at pp. 217–218.) In reversing a judgment of nonsuit entered in favor of the defendant, the trial court found:

"From the evidence that the premises where the accident occurred and the material which caused the accident were all in the exclusive management and control of the [defendant], and that the loading, unloading, and cleaning of the freight cars and the tracks and the pathway between the tracks and the [defendant's] building was done exclusively by employees of the [defendant], the jury reasonably could have inferred . . . that the plaster board and other debris had been negligently placed and left there by no persons other than employees of the [defendant] . . . ." (*Id.* at p. 218.) In response to the defendant's argument that the conductor failed to make out a prima facie case because there was no evidence the defendant had actual or constructive notice of the condition of the pathway, the court stated: "Where the evidence shows, as it does in this case, that the condition which caused the injury was created by the employees of the [defendant] or *the evidence is such that a reasonable inference can be drawn that the condition was created by employees of the [defendant]*, then [the defendant] is charged with notice of the dangerous condition." (*Id.* at pp. 218–219, italics added; see also *Hatfield, supra*, 18 Cal.2d at p. 806 ["Where the dangerous or defective condition of the property which causes the injury has been created by reason of the negligence of the owner of the property or his employee acting within the scope of the employment, the owner of the property cannot be permitted to assert that he had no notice or knowledge of the defective or dangerous condition in an action by an invitee for injuries suffered by reason of the dangerous condition. Under such circumstances knowledge thereof is imputed to him."].)

■ Here, Getchell submitted evidence that the break room where the accident occurred and the cleaning solution which caused the accident were under the exclusive control of defendant and its employees. He also presented evidence that he did not cause the cleaning solution to be on the floor. Based on this evidence, it reasonably could be inferred that defendant's employees caused the dangerous condition. Accordingly, knowledge of the condition is imputed to defendant. (*Oldham, supra*, 85 Cal.App.2d at pp. 218–219; see also *Hatfield, supra*, 18 Cal.2d at p. 806.)

We agree with defendant that absent any evidence of a prior leak or a material defect in the bucket or the spigot (about which there is no claim), it cannot reasonably be inferred that the cleaning solution leaked onto the floor. That being the case, the reasonable inference to be drawn from the record before us is that one of defendant's employees caused the cleaning fluid to be on the floor. Accordingly, the trial court erred in entering summary judgment in defendant's favor on the ground it lacked actual or constructive notice of the dangerous condition.

Finally, defendant argues that summary judgment should nevertheless be affirmed on the alternative ground that the dangerous condition was open and

obvious. "On appeal, we are concerned with the validity of the summary judgment ruling, not its reasoning." (*United Services Automobile Assn. v. Baggett* (1989) 209 Cal.App.3d 1387, 1391 [258 Cal.Rptr. 52].) Accordingly, we shall address defendant's claim. As the trial court correctly observed, defendant failed to present any evidence that would support a finding that the pool of cleaning solution was open and obvious. That Getchell walked past the pool of cleaning solution once before stepping in it and did not see it prior to the accident suggests the pool of cleaning solution was *not* open and obvious. On appeal, defendant argues that "it was the *position of the spigot* [not the pool of cleaning solution] . . . that was the indicator of the potential for danger." The record is devoid of any evidence concerning the position of the spigot at the time of the accident. Accordingly, a determination of whether the position of the spigot or the pool of cleaning solution was open and obvious cannot properly be made on summary judgment, and the trial court properly declined to grant summary judgment on that basis.

## DISPOSITION

The judgment is reversed. Plaintiffs shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

Raye, P. J., and Hoch, J., concurred.