Filed 3/13/24; Certified for Publication 4/3/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MONIQUE HOWARD, | B320603 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. 19STCV08792 |
| v. | |
| ACCOR MANAGEMENT US, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jill Feeney, Judge. Affirmed.

Nguyen Theam Lawyers, Minh T. Nguyen; Guenard & Bozarth, Glenn Guenard, Anthony Wallen; Gusdorff Law and Janet Gusdorff for Plaintiff and Appellant.

Gordon Rees Scully Mansukhani, Don Willenburg and Laura Ryan for Defendant and Respondent.

_____

As Monique Howard went to shower during her hotel stay, the handheld shower head fell apart. Howard cut herself and

fell.  Later she sued the hotel for negligence and premises
liability.  The trial court granted summary judgment.  We affirm
because Howard failed to mount a triable issue of material fact
on the key issue of notice and failed to establish the applicability
of a venerable but inapt doctrine—res ipsa loquitur.

I

The core facts are few.

In March 2017, Howard and her then boyfriend stayed at
the Sofitel Los Angeles at Beverly Hills.  Both took showers on
their arrival day without incident.  The next morning, they took
individual showers again and went shopping.  When Howard
returned that afternoon, she noticed the room had been cleaned.
She went to take another shower before her scheduled massage.

During her deposition, Howard described what happened
when she went for this third shower:  "[I]t was a little after 1:00
and when I got into the shower it started spraying me in the face,
and it is two shower heads.  There is an overhead shower, I guess
men would use, and then there is a shower that they have that is
a detachable shower.  As soon as I stepped in the shower and
turned the water on I noticed that it was spraying me in the face,
which was a little odd for me because I had took a shower earlier
that day.  I was -- kind surprised me, plus I had full makeup on.
It was spraying me in my face.  When that happened I went to
take the shower off of the shower handle and that is when it just
dismantled and fell apart."

Howard sued in March 2019.  Her complaint asserts the
broken shower head cut her hand, caused her to fall back onto
her tailbone, and left her with severe injuries.

2

Howard later amended her complaint to sue Accor Management US, Inc., the only respondent on appeal, who operated the hotel at the time of the incident.

Accor moved for summary judgment, arguing Howard could not establish it had actual or constructive notice of any problem with the handheld shower head. The hotel did not contest the shower head came apart while Howard was showering. Nor did it contest a housekeeper had cleaned Howard's room the day before and the day of the incident.

Howard responded with declarations by herself and her boyfriend. Both claimed they did not notice any cracks or damage to the shower wand during their two showers before the incident. They also claimed they did not drop, hit, mishandle, tighten, damage, or break the wand during these earlier showers. The boyfriend did not use the shower wand at all—he only used the fixed overhead shower.

Howard's description of the incident in her declaration differed somewhat from the description at her deposition: She declared that for her third shower, the water sprayed her and in all directions when she turned on the faucet. She reached for the wand, and it sliced her hand, suddenly came apart, and fell to the floor.

Howard's opposition argued the hotel's housekeeper must have broken the shower wand and failed to report this, and the hotel thus had actual knowledge of the problem its housekeeper caused, because the wand was fine for the morning shower but broken for the afternoon shower and only the housekeeper was in the room between showers. Howard supplied the declaration of her retained expert, Brad P. Avrit, to help establish the housekeeper broke the wand between showers. She also argued

3

the doctrine of res ipsa loquitur applied and rendered summary judgment inappropriate.

As part of its reply, Accor noted it offered to make the housekeeper available for deposition in time for Howard's opposition. But instead of deposing the housekeeper, Howard had an expert speculate about what she did. Accor challenged Avrit's testimony on many grounds, including by asserting his opinions lacked an adequate foundation and amounted to speculation and legal conclusions.

The trial court sided with Accor on the issue of notice and concluded Howard's showing that the housekeeper negligently broke the shower wand was insufficient. The court also rejected the res ipsa loquitur doctrine. Regarding Avrit, the court sustained most but not all of Accor's evidentiary objections, concluding Avrit's declaration "is replete with inadmissible opinion evidence regarding legal conclusions. More importantly, Avrit's declaration contains conclusions that lack foundation and which are speculative in nature."

Howard appealed the summary judgment ruling.

## II

We independently review the summary judgment decision and apply the familiar standard. (See *Bacoka v. Best Buy Stores, L.P.* (2021) 71 Cal.App.5th 126, 132.)

Our independent review shows the trial court was correct. The evidence did not establish a triable issue of material fact as to Accor's notice of a flaw in the shower wand. (See *Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1203 & 1206–1207 [property owner must have actual or constructive notice of an unsafe condition before incurring liability]; see also *Howard v. Omni Hotels Management Corp.* (2012) 203 Cal.App.4th 403, 410, 431–

4

432 & 434 [notice requirement applies to hotels on negligence and premises liability claims].)

Howard offers four reasons summary judgment was inappropriate: (1) her evidence raises triable issues regarding the hotel's knowledge of the unsafe shower wand; (2) whether the hotel conducted a reasonable inspection of the wand and had sufficient time before the incident to discover its unsafe condition are other triable issues; (3) the doctrine of res ipsa loquitur applies; and (4) the trial court abused its discretion in disregarding the declaration of Howard's expert.

A

On the first two issues, Howard recognizes her claims require actual or constructive knowledge of an unsafe condition by the landowner. But Howard forfeited any argument about the hotel's constructive knowledge or notice due to unreasonable inspections because she never presented this issue to the trial court, either in her opposition brief or during oral argument. (See, e.g., *Magallanes de Valle v. Doctors Medical Center of Modesto* (2022) 80 Cal.App.5th 914, 924 [liability theories not addressed in a plaintiff's summary judgment opposition and not brought to the trial court's attention cannot create a triable issue on appeal].)

There was a good reason for this omission: Howard's theory in the trial court was the housekeeper broke the shower wand while Howard was shopping and then failed to tell anyone or do anything about it. This theory is inconsistent with a theory the wand broke at some unknown earlier time yet went undiscovered due to inadequate inspections by the housekeeper or the hotel.

5

As for actual notice, Howard maintains on appeal, as she did at the trial court, that we impute knowledge of an unsafe condition to an employer where the employee created the condition. (See *Hatfield v. Levy Brothers* (1941) 18 Cal.2d 798, 806.) She argues the evidence shows the housekeeper was the only one to see and use the shower wand after it was functioning properly that morning, and, in light of hotel witnesses' comments about how housekeepers use these wands when cleaning, the only reasonable inference is the housekeeper did something to break this wand or at least noticed its poor condition. We therefore must conclude it was more likely than not Accor knew of the shower wand's unsafe condition.

Howard's problem is nothing shows the housekeeper did anything to break the shower wand. The evidence does not show the housekeeper was required to use the wand. There was no evidence from the housekeeper, as Howard decided not to depose her. No evidence suggested this housekeeper used this wand during her cleaning that day. For example, Howard did not testify the shower walls were wet before she took her afternoon shower. The hotel's Housekeeping Standards say housekeepers are to spray bathroom fixtures *with cleaning solution* during cleanings; but we are not told these standards say anything about using shower wands. Housekeepers are to prepare a work order if they notice any problems with a fixture; but no work order existed for Howard's room.

While some hotel witnesses testified about housekeepers using detachable shower heads when cleaning, the testimony was not clear on *when*, if ever, these shower heads had to be used. One witness discussed cleanings after check outs and those for stayover guests. Howard does not address this distinction.

6

The hotel witnesses also established the hotel's engineering and maintenance team had inspected Howard's room several months before the incident, and had performed a preventative maintenance check on the shower fixtures, but the team found no issue with these fixtures.  There were no other reports of defective or broken shower heads at the hotel.  Further, no assembly was required for the section of the shower head that broke—it arrived in one piece from the distributor/manufacturer.

We agree with the trial court that the evidence was insufficient to raise a triable issue on notice.

We follow the standard procedural rules here.  We view the evidence *and* reasonable inferences in favor of the party opposing summary judgment.  (*Jones v. Wachovia Bank* (2014) 230 Cal.App.4th 935, 945.)  But we draw inferences from evidence, not from possibilities.  (*Id.* at pp. 945–946; *Montague v. AMN Healthcare, Inc.* (2014) 223 Cal.App.4th 1515, 1525 ["speculative inferences do not raise a triable issue of fact"]; see also *Peralta v. Vons Companies, Inc.* (2018) 24 Cal.App.5th 1030, 1036 (*Peralta*) [conjecture is legally insufficient to defeat summary judgment; speculation, and the mere possibility there was a slippery substance on the floor, does not establish causation].)

Howard's papers ask us to make many leaps of logic to infer it was more likely than not that the housekeeper's negligence caused the shower wand to break.  (See *Peralta*, at p. 1035 [plaintiffs must introduce evidence affording a reasonable basis for concluding it is more likely than not the defendant's conduct caused the result].)

Howard's deposition testimony leads to reasonable inferences the cause was something else:  the shower head sprayed Howard because it was facing her, and Howard's quick

reach for the wand or an inherent defect could have caused its dismantling. There is no inconsistency between these causes and Howard's and her boyfriend's statements about the care they took with their earlier showers.

The evidence does not show the shower wand was broken before Howard grabbed it. When describing the incident at her deposition, Howard did not say the wand was sharp or broken then. Nor does Howard's declaration say she was cut before the wand fell apart.

*Getchell v. Rogers Jewelry* (2012) 203 Cal.App.4th 381, on which Howard relies, is distinguishable. In that atypical slip and fall case, the plaintiff's evidence showed the jewelry cleaning solution on which he fell could only have been on the break room floor of the jewelry store due to the negligence of store employees: Only the plaintiff (an independent contractor of the store) and store employees had access to the break room and the cleaning solution, the plaintiff had observed store employees use the solution in a way that could cause leaks onto the floor, and he did not cause this pool of cleaning solution. (*See id.* at pp. 382–384 & 386.) In contrast, Howard did not show that the shower wand was under the hotel's exclusive control and that she did not cause its failure.

## B

Howard relied on her expert Avrit to try to bridge the gaps in her evidence. She claims, in her fourth appellate issue, that the trial court abused its discretion in disregarding most of this expert's opinions.

Howard has not adequately presented the issue for our review. Her opening brief defends Avrit's expertise and sets out what he reviewed in forming his opinions but essentially asks us

8

to do the real work for her:  to examine the trial court papers and determine which statements the trial court struck and why, and to discern why each statement should have come in despite the specific objections asserted.  This was Howard's job, and we will not develop her arguments for her.  (See *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153; see also *id.* at p. 157 [appellate courts are not required to search the record for error].)

Howard's brief does provide sufficient arguments as to some excluded statements by Avrit:  statements about this shower wand's composition, how this wand could break (or shear), when and how this wand did break (the housekeeper "must have" broken it, either intentionally or unintentionally, after Howard's morning shower), and the hotel's resulting notice of the break.

We cannot say the trial court exceeded the bounds of reason in excluding these statements, given:

1. Avrit did not question the housekeeper or examine any statements by her;
2. he covertly inspected the hotel room more than one year after the incident but made no attempt to explain how the shower fixtures and conditions then mirrored those when Howard was injured;
3. he apparently never examined the broken shower wand and relied instead on pictures and a witness statement that the shower head was made of plastic;
4. Howard conceded that "countless" varieties of plastics are used for consumer products, but Avrit failed to explain how he knew the properties of this particular product; and

9

5. Avrit based his conclusion the wand was sheared or broken after Howard's morning shower but before her afternoon shower largely on Howard's and her boyfriend's statements.

(See *Peralta, supra,* 24 Cal.App.5th at p. 1036 [absent any evidence there was a foreign substance on the floor, Avrit's opinion as to the cause of plaintiff's fall was mere conjecture]; *Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 762–764 [no abuse of discretion to exclude expert's opinions as conclusory, speculative, and lacking foundation where, among other things, the expert failed to inspect the escalator at issue].) *Bozzi* reinforces that expert speculation is not evidence that can defeat summary judgment. (*Bozzi,* at pp. 763–764.)

Trial courts have a duty to act as gatekeepers. They must exclude speculative expert testimony. (*Sargon Enterprises, Inc. v. Univ. of Southern Cal.* (2012) 55 Cal.4th 747, 753.) This court's decisionmaking was not an abuse of discretion. (See *id.* at p. 773.)

C

On the final issue, Howard admits it was her burden to establish res ipsa loquitur. This doctrine applies when the nature of an accident compels the conclusion it probably resulted from the defendant's negligence. (*Howe v. Seven Forty Two Co., Inc.* (2010) 189 Cal.App.4th 1155, 1161 (*Howe*).) Or, as our Supreme Court has explained it, "certain kinds of accidents are so likely to have been caused by the defendant's negligence that one may fairly say 'the thing speaks for itself.'" (*Brown v. Poway Unified School Dist.* (1993) 4 Cal.4th 820, 825.) The doctrine has three requirements: (1) the accident was of a kind that ordinarily does not occur absent someone's negligence; (2) the

10

instrumentality of harm was within the defendant's exclusive control; (3) the plaintiff did not voluntarily contribute to the harm.  (*Id.* at pp. 825–826 & 836.)

Two elements are missing here.  First, as addressed above, it is not apparent hotel shower heads only fall apart due to the hotel's negligence.  Second, Howard's deposition testimony suggests her grabbing action could have caused the break.

Howard inaccurately contends this case is like others where the evidence was sufficient to invoke res ipsa loquitur.  The factually distinct cases she cites are not on point.  (See *Howe*, *supra*, 189 Cal.App.4th at pp. 1159 & 1162; *Emerick v. Raleigh Hills Hospital* (1982) 133 Cal.App.3d 575, 579, 583 & 585; *Dennis v. Carolina Pines Bowling Center* (1967) 248 Cal.App.2d 369, 374–375; *Mitzner v. Wilson* (1937) 21 Cal.App.2d 85, 87.)  In most of them, unlike here, there was no room to conclude the plaintiff voluntarily caused the problem.  For example, in *Mitzner*, the plaintiff was sleeping in her hotel bed when part of the ceiling fell on her.  (*Mitzner*, at p. 87.)

Summary judgment was proper here.

## DISPOSITION

We affirm the judgment and award costs to the respondent.

WILEY, J.

We concur:

STRATTON, P. J.          VIRAMONTES, J.

11

Filed 4/3/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MONIQUE HOWARD, | B320603 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. 19STCV08792 |
| v. | |
| ACCOR MANAGEMENT US, INC., | **ORDER CERTIFYING OPINION FOR PUBLICATION** |
| Defendant and Respondent. | **[No change in judgment]** |

THE COURT:

The opinion in the above-entitled matter filed on March 13, 2024, was not certified for publication in the Official Reports. For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

There is no change in the judgment.

_____

STRATTON, P. J.        WILEY, J.        VIRAMONTES, J.