Filed 3/17/26  Raposas v. Stewart CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DOLORES RAPOSAS, <br><br>    Plaintiff and Appellant, <br><br> v. <br><br> CONNIE STEWART, <br><br>    Defendant and Respondent. | H052529 <br> (Santa Clara County <br> Super. Ct. No. 22CV404046) |

Dolores Raposas sued Connie Stewart and Wayne Lammer[1] for negligence on the basis of premises liability, alleging that inadequate lighting in front of Stewart's residence created a dangerous condition that caused Raposas to fall when leaving the residence late one evening.  The trial court granted summary judgment in favor of Stewart after deciding that Raposas had failed to raise a triable issue of fact as to whether Stewart had actual or constructive knowledge of the asserted dangerous condition on the property.

On appeal, Raposas contends that the trial court erred in granting summary judgment for three reasons:  the court based its decision on its

---

[1] By stipulation of the parties, Raposas dismissed Lammer from the case before Stewart filed the motion for summary judgment at issue on appeal.

misidentification of the location of the fall, the court ignored fundamental issues of material fact regarding the lighting conditions and whether such conditions were "open and obvious," and the court impermissibly relied on an argument Stewart did not advance.

For the reasons explained below, we decide that Raposas has not established reversible error as to the challenged order and affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND[2]

### A. *Facts*

Stewart and her husband, Michael Wheeler, reside in Milpitas.  There is a porch "[i]mmediately outside" the front entrance to Stewart's residence.  The front porch has a light fixture that is activated by a motion sensor.

A set of stairs comprising five steps descends from the porch; the stairs have a railing on one side.  At the base of the porch stairs, a paved walkway begins and extends out towards the sidewalk.  The paved walkway ends in a single step down that leads to a paved landing.  The paved landing is parallel to the residence's driveway and provides access to both the driveway and four, tiered stone discs that descend towards the sidewalk.  The driveway and the path created by the stone discs are parallel to one another.

---

[2] We draw the facts recited here from the record that was before the trial court when it ruled on the motion for summary judgment (*Gonzalez v. Interstate Cleaning Corp.* (2024) 106 Cal.App.5th 1026, 1034 (*Gonzalez*); *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037), including the parties' separate statements of undisputed material facts.  (See *Kim v. County of Monterey* (2019) 43 Cal.App.5th 312, 316, fn. 1.)  We liberally construe the evidence in support of Raposas, as the party opposing summary judgment, and resolve doubts concerning the evidence in her favor. (*Gonzalez*, at p. 1034; *Yanowitz*, at p. 1037.)

In the six years prior to Stewart's fall, Raposas regularly visited Stewart's residence—approximately twice a month—and used the front walkway, including "at nighttime during the hours of darkness." At times, Raposas would leave Stewart's residence "with bags of leftovers." Each time Raposas did so, she would use the paved walkway to reach the driveway. She would then walk down the driveway to the sidewalk, rather than using the path created by the stone discs.

Prior to this incident, Raposas had "never in the past had any trouble navigating" either the porch stairs or the walkway (with or without leftovers), no one (including Raposas) "had ever complained" about the adequacy of the walkway's lighting conditions, and the motion-sensor-activated front porch light had never failed to illuminate while Raposas was traversing the walkway.

On the evening of October 30, 2021, Raposas visited Stewart at Stewart's residence. Raposas left at approximately 11:45 p.m. carrying bags of leftovers in both hands. Wheeler accompanied Raposas to the door. Raposas expected the front porch light to illuminate, but it did not. Although the porch light was not on, Raposas began walking down the porch stairs and the walkway rather than waiting for the light to come on or asking Wheeler to turn on or activate the light. There was no pressing reason for Raposas to continue walking down the pathway rather than wait for the porch light to come on; she "was just heading home."

When she was about halfway down the walkway, Raposas turned around because Wheeler said the front porch light was not illuminating. Wheeler began waving his arms to activate the motion sensor. Although the front porch light still did not turn on, Raposas continued to walk down the walkway. Raposas fell on the single step at the end of the walkway "because

3

she misstepped." Raposas alleged that the front porch light illuminated sometime after she fell.

*B. Procedural Background*

On September 2, 2022, Raposas filed a complaint against Stewart and Lammer,[3] alleging that, as a direct and proximate result of the defendants' "negligence in failing to ensure inter alia, adequate lighting on or about the [p]remises," Raposas fell at Stewart's residence. Raposas further alleged that, as a result of the fall, she sustained "and is certain in the future to sustain" unspecified "disabling, serious and permanent injuries, and pain, suffering and mental anguish" and "maybe in the future be unable to pursue her vocation of choice, and therefore, will suffer in the future loss of earnings and earning capacity." Raposas sought relief in the form of, inter alia, damages, special damages for medical expenses, loss of earnings and earning capacity, prejudgment interest, and costs. Stewart filed an answer denying the allegations and asserting various affirmative defenses.

Following discovery, Stewart moved for summary judgment. Stewart argued that she did not breach her duty to provide adequate lighting conditions, had no actual or constructive knowledge that, at the time of Raposas's fall, the lighting conditions were dangerous,[4] and, to the extent the walkway was unlit at the time Raposas was traversing it, Raposas "unnecessarily encountered an open and obvious hazard," thereby relieving Stewart of her duty. Raposas opposed the motion. After considering the

---

[3] According to Stewart's deposition testimony, Lammer purchased the residence where Stewart lived.

[4] Stewart also argued that, to the extent Raposas was challenging the safety of the walkway (despite not identifying the walkway as a dangerous condition in the complaint), the undisputed evidence demonstrated the walkway was not unsafe.

partes' respective arguments and evidence, the trial court granted the motion for summary judgment in a written order.

The trial court concluded that Stewart had met her burden at the first step of the summary judgment analysis, and Raposas had failed in the second step of the analysis to show there was a material issue of disputed fact. The court reasoned that, if the motion-sensor light "was off the entire time before Raposas's fall," as per Raposas's sworn testimony, the asserted dangerous condition (darkness) was open and obvious. Because Raposas nonetheless "continued *knowingly* to walk down the stairs in the dark," Stewart could not be held liable for Raposas's subsequent fall. In addition, the court found Stewart had met her burden of demonstrating that she had neither actual nor constructive notice of the alleged dangerous condition (the darkness resulting from the motion-sensor light not coming on), and Raposas offered no evidence to create a triable issue of material fact on this question. Indeed, Raposas had admitted that there had been no complaints about insufficient illumination prior to her fall on October 30, 2021.

In ruling on the parties' evidentiary objections, the trial court stated that Stewart had "not object[ed] to the one material fact of Raposas's that the court [] relied on." The court overruled Raposas's objections to those of Stewart's undisputed material facts on which the court relied to reach its decision, "which [we]re based solely on the [undisputed material facts] being 'argumentative.'" Raposas does not challenge on appeal the trial court's evidentiary rulings.

On July 30, 2024, the trial court entered judgment for Stewart. The judgment attached and incorporated by reference the court's June 13, 2024 written order. It stated that the order held "in pertinent part that" Stewart had met her burden of proof regarding actual or constructive knowledge and

5

Raposas had failed to demonstrate there was a triable issue of fact regarding notice.

## II.  DISCUSSION

On appeal, Raposas challenges the trial court's decision on three grounds.  First, she contends that the court misidentified the location of her fall as the last step of the porch stairs rather than the step between the walkway and the landing and therefore failed to consider the adequacy and obviousness of the lighting conditions where she actually fell.  Second, Raposas maintains that there are triable issues of fact regarding whether the front porch light was illuminated as she traversed the path from Stewart's front door to the sidewalk and, thus, whether the danger was open and obvious enough to render unreasonable her decision to continue along the path.  Third, Raposas asserts that Stewart did not adequately develop in her motion for summary judgment her argument that Stewart lacked actual or constructive notice of the challenged lighting condition.  Raposas further maintains that because Stewart could have discovered the dangerous condition if she had inspected the lighting, Stewart failed to meet her burden to demonstrate there was no triable issue of material fact on the question of notice and the court impermissibly granted summary judgment on that basis.

Stewart disputes Raposas's contentions of error.

*A.  Legal Principles*

Whether the trial court erred in granting a defendant's motion for summary judgment is a question of law we review de novo.  (*Samara v. Matar* (2018) 5 Cal.5th 322, 338.)

Summary judgment is warranted where there are no disputed questions of material fact and the issues raised by the pleadings may be

6

decided as a matter of law. (Code Civ. Proc.,[5] § 437c, subd. (c).) "In determining if the papers show that there is no triable issue as to any material fact, the court shall consider all of the evidence set forth in the papers, except the evidence to which objections have been made and sustained by the court, and all inferences reasonably deducible from the evidence." (*Ibid*.) However, the trial court shall not grant summary judgment "based on inferences reasonably deducible from the evidence if contradicted by other inferences or evidence that raise a triable issue as to any material fact." (*Ibid*.)

When reviewing an appeal after a motion for summary judgment has been granted, "we conduct the same procedure employed by the trial court. We examine (1) the pleadings to determine the elements of the claim, (2) the motion to determine if it establishes facts justifying judgment in the moving party's favor, and (3) the opposition—assuming movant has met its initial burden—to 'decide whether the opposing party has demonstrated the existence of a triable, material fact issue.' " (*Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 630.)

"The appellate court is not bound by the trial court's stated reasons for its ruling on the motion, as the appellate court reviews only the ruling and not its rationale." (*Bed, Bath & Beyond of La Jolla, Inc. v. La Jolla Village Square Venture Partners* (1997) 52 Cal.App.4th 867, 873, citing *California Aviation, Inc. v. Leeds* (1991) 233 Cal.App.3d 724, 730–731.) The reviewing court " 'may affirm a summary judgment on any correct legal theory, as long as the parties had an adequate opportunity to address the theory in the trial

---

[5] All further unspecified statutory references are to the Code of Civil Procedure.

court.' " (*California School of Culinary Arts v. Lujan* (2003) 112 Cal.App.4th 16, 22; *Gray v. La Salle Bank, N.A.* (2023) 95 Cal.App.5th 932, 948.)

Stewart, as the party moving for summary judgment, bears the burden of persuasion that there is no triable issue of material fact and that she is entitled to judgment as a matter of law. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).) To meet its burden, the party requesting summary judgment has an initial burden of demonstrating that a cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action. (§ 437c, subd. (*o*); *Aguilar*, at p. 850; *Andrews v. Foster Wheeler LLC* (2006) 138 Cal.App.4th 96, 101.) The moving party "must 'support[]' the 'motion' with evidence including 'affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice' must or may 'be taken.' " (*Aguilar*, at p. 855, citing § 473c, subd. (b).)

If the moving party makes a prima facie showing that justifies judgment in its favor, the burden shifts to the opposing party to demonstrate the existence of a triable issue of one or more material facts as to the cause of action. (§ 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at p. 849.)

In determining whether the parties have met their respective burdens, we " 'consider[] all the evidence set forth in the moving and opposition papers except that to which objections were made and sustained.' " (*State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1035.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, *supra*, 25 Cal.4th at p. 850.)

" '[O]ur review is governed by a fundamental principle of appellate procedure, namely, that " '[a] judgment or order of the lower court is presumed correct,' " and thus, " 'error must be affirmatively shown.' " [Citation.] Under this principle, plaintiff bears the burden of establishing error on appeal, even though defendants had the burden of proving their right to summary judgment before the trial court.' " (*Gonzalez*, *supra*, 106 Cal.App.5th at p. 1034.)

*B. Analysis*

"The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158; see also *Castellon v. U.S. Bancorp* (2013) 220 Cal.App.4th 994, 998.)

To prevail on her motion for summary judgment, Stewart, as the moving party, only needs "to 'show[] that one or more elements of the cause of action . . . cannot be established' by the plaintiff. [Citation.] In other words, all that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action—for example, that the plaintiff cannot prove element *X*. Although he [or she] remains free to do so, the defendant need not himself [or herself] conclusively negate any such element—for example, . . . prove *not X*." (*Aguilar*, *supra*, 25 Cal.4th at pp. 853–854, fn. omitted.) After reviewing the record de novo, we decide Stewart has demonstrated that Raposas cannot prove the element of breach.[6]

"Generally speaking, a property owner must have actual or constructive knowledge of a dangerous condition before liability will be

---

[6] Because we decide that Raposas cannot prove the breach element of her premises liability claim, we do not reach her other contentions on appeal.

9

imposed." (*Getchell v. Rogers Jewelry* (2012) 203 Cal.App.4th 381, 385.) Here, the breach element turns on lack of notice.

As a threshold matter, we address Raposas's contention that Stewart failed to adequately "develop[]" in her motion for summary judgment her argument that the undisputed material facts demonstrated Stewart lacked the notice necessary to cure the asserted dangerous condition and Stewart thus failed to meet her burden. We disagree with Raposas's reading of Stewart's motion.

Stewart asserted that, "taking [Raposas's] version of events" and based on the undisputed facts, the asserted failure of the motion-activated front porch light to illuminate had never previously occurred and Raposas continued to proceed down the stairs and along the pathway in the dark rather than notifying Stewart that the porch light had not illuminated. Stewart argued that, because there is no evidence in the record that Stewart had either actual or constructive knowledge that the lighting conditions in front of Stewart's residence presented a dangerous condition, there was no triable issue of material fact regarding Stewart's notice of the alleged condition. We discern no error in the trial court's consideration of Stewart's notice argument.

A property owner's "actual or constructive knowledge of the dangerous condition is a key to establishing [his or her] liability. Although the owner's lack of knowledge is not a defense, '[t]o impose liability for injuries suffered by an invitee due to [a] defective condition of the premises, the owner or occupier "must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him [or her], he [or she] should realize as involving an unreasonable risk to invitees on his [or her] premises." ' "

(*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1206 (*Ortega*); *Joshi v. Fitness International, LLC* (2022) 80 Cal.App.5th 814, 832–833 (*Joshi*).)

"Actual knowledge is defined as ' "express information of a fact," ' while constructive knowledge is that ' "which is imputed by law." ' " (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1208.) "The plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence." (*Ortega, supra,* 26 Cal.4th at p. 1206; *Jones,* at p. 1209 ["[A] landowner cannot be charged with constructive notice without a showing of some overt feature surrounding the dangerous condition, which would notify the landowner of its existence."]; *Joshi, supra,* 80 Cal.App.5th at p. 833.)

We decide the trial court properly concluded that Raposas failed to raise a triable issue of material fact with respect to Stewart's actual or constructive knowledge of the adequacy of the illumination of the path from Stewart's front door to the sidewalk.

Stewart presented to the trial court undisputed material facts that, prior to the subject incident, Raposas had been to Stewart's residence many times (approximately twice per month over the course of six years), Raposas had frequently left Stewart's residence "during the hours of darkness" using the paved walkway to reach the driveway and had had no difficulty navigating that path, the motion-activated front porch light had never previously failed to illuminate, no one (including Raposas) had ever complained that the lighting conditions in the area of the walkway were inadequate, and Raposas expected the front porch light to illuminate when she exited onto Stewart's porch.

11

There is no evidence that Stewart had any knowledge of the status of the light as Raposas exited Stewart's residence that night. In both her opening and reply briefs on appeal, Raposas maintains that Raposas and Wheeler were "the only two eye-witnesses to the circumstances surrounding [the underlying] incident." The record contains no evidence to support a conclusion that Stewart had actual or constructive knowledge of the asserted dangerous condition caused by alleged inadequate lighting on the evening Raposas fell. Therefore, Stewart made a prima facie showing that the evidence did not support a triable issue of fact with respect to notice, shifting the burden to Raposas.

Raposas contends that because Stewart failed to demonstrate that she had inspected the adequacy of the lighting conditions prior to the incident on October 30, 2021, Stewart could not meet her burden of proving there was no triable issue of fact with respect to whether Stewart had notice of such conditions. Raposas does not cite any legal authority to support her contention. When an appellant asserts a point without providing supporting legal authority, " 'it is deemed to be without foundation and requires no discussion by the reviewing court.' " (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Furthermore, Raposas does not point to any evidence in the record that would demonstrate the existence of a triable material fact as to notice.

We affirm the trial court's grant of summary judgment to Stewart.

## III.  DISPOSITION

The judgment is affirmed. Respondent is entitled to her reasonable costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____
Danner, J.

WE CONCUR:

_____
Greenwood, P. J.

_____
Bromberg, J.

**H052529**
***Raposas v. Stewart***