[No. B039352. Second Dist., Div. Five. Sept. 12, 1990.]

MARY H. BUEHLER, Plaintiff and Appellant, v.
ALPHA BETA COMPANY, Defendant and Respondent.

**COUNSEL**

John T. Tate, Jr., for Plaintiff and Appellant.

Morris, Polich & Purdy, Robert S. Wolfe, Douglas J. Collodel, Pamela F. Worth and Michael S. Wildermuth for Defendant and Respondent.

**OPINION**

**BOREN, J.—** ■ ■ ■ ■ Mary H. Buehler appeals after summary judgment in a slip-and-fall case was granted in favor of respondent, Alpha Beta Company.[1] The trial court determined (1) that respondent had established a prima facie defense of no liability based on the lack of any defective condition as to the floor, and (2) that appellant failed to file a

---

[1] Appellant appeals from the October 28, 1988, order granting the motion for summary judgment. An appeal from such an order, rather than from the judgment itself, is improper. (Code Civ. Proc., § 437c, subd. (*l*); *Leasman* v. *Beach Aircraft Corp.* (1975) 48 Cal.App.3d 376, 378, fn. 1 [121 Cal.Rptr. 768].) However, we generously treat the appeal as from the judgment filed on November 7, 1988. (Cf. *Cohen* v. *Equitable Life Assurance Society* (1987) 196 Cal.App.3d 669, 671 [242 Cal.Rptr. 84]; *Wolfrich Corp.* v. *United Services Automobile Assn.* (1983) 149 Cal.App.3d 1206, 1208, fn. 2 [197 Cal.Rptr. 446].)

separate statement of disputed material facts which, by itself, constituted a basis for the summary judgment. We affirm.

## FACTS

As appellant alleged in her complaint filed on August 14, 1987, while appellant was in the Alpha Beta supermarket in Glendale on August 16, 1986, she slipped and fell "on an unknown substance or an improperly waxed floor." Respondent's answer to the complaint denied any negligence and, in part, asserted appellant's contributory negligence as a defense.

On February 18, 1988, the parties deposed Robin Parker, a customer at the Alpha Beta store who was an eyewitness to the accident. Parker was shopping in the same aisle as appellant and was standing approximately five feet from appellant. Appellant, a thin, 84-year-old woman, was walking toward the front of the store. She was carrying several items in her hands and was not using a grocery cart. According to Parker, appellant "just slipped," and Parker did not know what caused appellant to fall. Appellant was then assisted by Alpha Beta employees, and Parker left her name and address with appellant.

Thereafter, Parker was contacted by appellant's attorneys. As Parker related at the deposition, "I told them I didn't see anything on the floor. I didn't know why she fell. And I believe they kept asking and asking and asking. So I said, well, they wanted to know what I thought. So I told them the floor might have just been slippery or may have been waxed too much. I didn't know. I believe I did tell them that." When specifically asked at the deposition if the floor was slippery at the time appellant fell, Parker replied, "It wasn't for me, no." Appellant was walking toward Parker when appellant "just fell."

On June 9, 1988, the parties deposed appellant. As appellant related what occurred, " . . . I just slipped, and I just was down like that (indicating). Just like that (indicating). I didn't see anybody there. It just happened so quickly. Just my feet were just gone, and that's the way it happened. Just a split second and I was laying on the floor. [¶] . . . [¶] I don't know if I was crumpled or how I was. I don't remember that. I was so flabbergasted. I was so shocked or something. I didn't take all the details in . . ." Paramedics arrived, and appellant was taken to a hospital where she was diagnosed as suffering from a broken hip.

Prior to her fall, appellant did not notice any liquid or solid debris on the floor, and she had no problem keeping her footing and did not slip at all until the accident. After appellant fell, she did not see anything on the floor

which caused her to fall. When asked, "To this day, do you know what caused you to fall in that aisle as you were walking toward the checkstand?" appellant replied, "No, sir, no, sir, I do not. I do not."

## DISCUSSION

We review the record and determine this appeal in accordance with the customary rules of appellate review following a summary judgment. (*AARTS Productions, Inc.* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064-1065 [225 Cal.Rptr. 203]; *Taylor* v. *Fields* (1986) 178 Cal.App.3d 653, 659-660 [224 Cal.Rptr. 186].) The general rule is, of course, that summary judgment is appropriate where "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . ." (Code Civ. Proc., § 437c, subd. (c).)

The party opposing the summary judgment cannot rely on its pleadings, but must make an independent showing by a proper declaration or by reference to a deposition or another discovery product that there is sufficient proof of the matters alleged to raise a triable question of fact if the moving party's evidence, standing alone, is sufficient to entitle the party to judgment. (*Sebastian International, Inc.* v. *Peck* (1987) 195 Cal.App.3d 803, 807 [240 Cal.Rptr. 911]; *Hoffman* v. *Sports Car Club of America* (1986) 180 Cal.App.3d 119, 126 [225 Cal.Rptr. 359].) Moreover, the opposition to summary judgment will be deemed insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation. (See *Burton* v. *Security Pacific Nat. Bank* (1988) 197 Cal.App.3d 972, 978 [243 Cal.Rptr. 277]; *Baron* v. *Mare* (1975) 47 Cal.App.3d 304, 309 [120 Cal.Rptr. 675].) Measured against the above guidelines, the facts, as argued at the hearing by appellant in opposition to the motion for summary judgment, do not controvert the evidence in support of the judgment such as to establish a triable issue of a material fact.

The focus of appellant's argument is that she pled as two separate and distinct theories of liability that the slip and fall was caused either (1) by an unknown substance on the floor or (2) by an improperly waxed floor. Regarding the claim of an improperly waxed floor, appellant urges that respondent has not affirmatively negated whether the store's floor was improperly waxed. However, we find that respondent met its burden of proof on summary judgment through appellant's own deposition testimony and the independent eyewitness testimony that the floor was not slippery.

Appellant's focus simply on whether the floor was "improperly waxed" misses the point. Even establishing the existence of a poorly waxed

floor does not necessarily establish negligence. For example, a floor which is too shiny because of improper waxing is not necessarily too slippery. "[A] waxed and buffed floor is not necessarily more slippery than an uncoated one, despite the glossy appearance that such treatment can create . . . . The result is that waxing often does not increase slipperiness and, indeed, may reduce it, so that consistent with the rule that waxing is generally not a negligent act in itself, a plaintiff will rarely succeed by proving merely that the floor on which he fell had been recently waxed or that it was shiny or glossy." (Slip and Fall Due to Improper Cleaning or Waxing of Floor, 28 Am. Jur. Proof of Facts 2d (1981) § 6, p. 274.)

To establish negligence it is necessary to link the existence of an improperly waxed floor to the creation of an inappropriately slippery floor. However, the deposition testimony indicated the absence of a slippery or otherwise defective condition. There was no foreign debris of any type on the floor prior to appellant's fall. Appellant had no idea as to what caused her to fall. Appellant candidly admitted that just prior to the fall she had not slipped or had any difficulty keeping her footing. An unbiased witness who saw appellant fall and was only five feet from her when she fell specifically stated that she did not find the floor slippery. Conjecture that the floor might have been too slippery at the location where appellant happened to fall is mere speculation which is legally insufficient to defeat a summary judgment. (See *Burton* v. *Security Pacific Nat. Bank, supra*, 197 Cal.App.3d at p. 978; *Baron* v. *Mare, supra*, 47 Cal.App.3d at p. 309.)

Accordingly, all appellant can argue is that she slipped and fell. She lost her balance for some unknown reason. She did not see anything on the floor which caused her to slip and fall and did not know what caused her to slip. In such a situation, "[n]egligence is never presumed." (*Harpke* v. *Lankersh-im Estates* (1951) 103 Cal.App.2d 143, 145 [229 P.2d 103].) Nor did the facts here indicate negligence, either directly or indirectly through any circumstances from which it might be inferred. (*Ibid.*) The trial court properly found that no triable issue of any material fact existed and that respondent was entitled to summary judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)

█ Moreover, the trial court aptly noted as an additional and independent basis for granting summary judgment in respondent's favor that appellant failed to submit a separate statement of disputed facts. Code of Civil Procedure section 437c, subdivision (b) provides, in pertinent part: "The opposition papers shall include a separate statement which responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any

other material facts which the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. *Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion.*" (Italics added.)

"Subdivision (b) [of Code of Civil Procedure section 437c] explicitly gives the trial court discretion to grant a motion for summary judgment when an opposing party fails to comply with the requirement of a separate statement. ██ ██ In this setting, as in others involving the exercise of discretion, it is not the function of an appellate court to substitute its own view as to the proper decision. Rather, an abuse of discretion by the trial court must be shown—action which is arbitrary or capricious or without any basis in reason. [Citations.]" (*Blackman* v. *Burrows* (1987) 193 Cal.App.3d 889, 893 [238 Cal.Rptr. 642].) Appellant in the present case does not address the applicability of subdivision (b), which we find constitutes an independent basis for the court granting summary judgment. Moreover, to the extent that the summary judgment was based upon subdivision (b), the court acted well within its discretion.

### DISPOSITION

The judgment is affirmed.

Lucas, P. J., and Turner, J., concurred.