Filed 5/30/18; Certified for publication 6/26/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| ROSE PERALTA et al., | B282130 |
|---|---|
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC567623) |
| v. | |
| THE VONS COMPANIES, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dan T. Oki, Judge.  Affirmed.

Carpenter, Zuckerman & Rowley, Stephen K. McElroy and Josh M. Dowell for Plaintiffs and Appellants.

Pauline White for Defendant and Respondent.

————————————

This appeal arises from a slip and fall accident at a Vons grocery store. Rose and Raul Peralta[1] (collectively, Peraltas) argue the trial court improperly entered summary judgment for The Vons Companies, Inc. (Vons), as there were triable issues of material fact that should have been decided by a jury. Vons argues there is no admissible evidence showing Vons breached its duty of care, or that any act or omission on their part caused Rose's injuries. As we conclude appellant has failed to establish the existence of any issues of material fact, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On the morning of February 2, 2014, Rose entered a Vons grocery story to purchase some bread. An employee informed Rose that the bread was baking and would be ready in approximately five to 10 minutes. Rose picked up a box of pastries and returned to the bakery after 10 minutes had passed. As she was approaching the employee entrance where she was told to pick up the fresh bread, Rose's left foot slid and she fell to the ground. Rose's pastries fell to the ground as well. Rose did not see anything on the floor prior to or after the fall, but stated in her deposition testimony that she felt as though her foot slid on "some sort of oil or grease." She filled out a customer accident form in which she wrote that she "felt the floor was slippery" but did not know if there was anything on the floor.

An assistant store manager, Peggy Pellet (Pellet), was summoned to the bakery section after Rose fell. Pellet observed that Rose wore three- to four-inch stiletto heels. According to Pellet, Rose could not identify anything that had caused her to

---

[1] We refer to Rose and Raul Peralta by their first names for the sake of clarity, intending no disrespect.

slip on the floor.  Pellet immediately searched the floor and found nothing except the crumbs from the pastries Rose had been carrying; Pellet found "no spill, nothing 'slippery,' no leak, nothing."  Rose admitted in her deposition testimony that she was wearing three-inch heels when she fell.  In response to Vons's interrogatories, Rose stated that none of her clothing was soiled, stained, or otherwise damaged as a result of the fall.

On December 23, 2014, Peraltas filed a complaint in the Los Angeles County Superior Court alleging causes of action for general negligence and premises liability against Vons.  The complaint alleges Rose suffered wage loss, hospital and medical expenses, general damage, and loss of earning capacity; Raul alleged he suffered damages in the form of loss of consortium.

On September 12, 2016, Vons filed a motion for summary judgment (MSJ), alleging Vons had no notice or knowledge of any dangerous condition on its floor, denying any causation between any act or inaction by Vons and Rose's alleged injuries, and alleging Vons met its duty of care by performing regular formal inspections and continual informal inspections to locate any potential hazards or spills.  Vons supported the MSJ with a declaration by Pellet, in which she stated that there were "no records of any other person falling in the same place" where Rose had fallen, either prior or subsequent to Rose's fall.  Pellet also stated that Vons conducts formal inspections, called "sweeps," at least once per hour.  These sweeps are completed once an employee has walked the entire store, including the bakery area, looking for any "spills and/or hazards."  Once an employee has conducted a sweep, he or she enters their employee number into a machine in the store that automatically records the time.  Pellet stated she printed the sweeps for the day of Rose's fall and found

3

that the last inspection was recorded less than eight minutes before Rose fell.

Peraltas filed an opposition to motion for summary judgment on November 15, 2016, supported by two declarations: one by Rose; and one by Brad Avrit (Avrit), a licensed civil engineer with extensive experience investigating and analyzing slip and fall accidents. In her declaration, Rose stated, in pertinent part, that: she had worn the three-inch heels she was wearing at the time of the fall many times in the past without incident; she was walking at a normal pace and gait at the time of the fall; and, she was in the bakery for 10 to 15 minutes before the fall and did not observe any employees conducting inspections of the area.[2]

In his declaration, Avrit stated that a senior member of his staff analyzed the slip resistance of the flooring where Rose fell.

---

[2] Rose also stated that there was "no question that there was a foreign substance on the floor" when she fell and, although she did not know what the substance was, she assumed it was grease or oil; and there was "no doubt in [her] mind" that she "fell because there was a foreign substance on the laminate type wood flooring at the entrance to the bakery section." Vons objected to these statements on the grounds that they were speculative, constituted improper opinion, and contradicted deposition testimony and interrogatory responses. The trial court sustained the objection without indicating the specific grounds upon which it based its ruling. Rose does not challenge this ruling on appeal; she has thus waived the issue and we consider the statements to have been property excluded. (*Lopez v. Baca* (2002) 98 Cal.App.4th 1008, 1014–1015.) Furthermore, we may not consider evidence to which objections have been made and sustained by the trial court. (*Guz v. Bechtel National Inc.* (2000) 24 Cal.4th 317, 334 (*Guz*).)

4

According to the analysis, the flooring had an average slip-resistance of 0.67 under dry conditions and an average slip-resistance of 0.44 under "wet with water" conditions. As the "national recognized industry standard" provides that a floor surface is safe if it has a slip resistance of 0.50 or above, Avrit concluded the flooring upon which Rose slipped and fell "would constitute a dangerous condition when greases and oil are present." Avrit also stated that cooking greases and oils would be difficult for a pedestrian utilizing reasonable care to perceive; that the manner in which Rose fell is consistent with a slip created by a foreign substance and would not be expected to occur absent a foreign substance on the floor; and that "no frequency of inspections or sweeps . . . could ensure that the floor was in a reasonably safe condition for customers." According to Avrit, the floor should have been made safe either through slip-resistance flooring or the placement of mats, adhesive tapes, or other non-slip coverings on the surface where Rose fell. Avrit ultimately concluded that "the flooring at the area of the slip and fall was unreasonably dangerous at the time of the incident and was the cause" of Rose's fall.

A hearing on the MSJ convened on February 2, 2017. On February 14, 2017, the trial court granted the MSJ, finding that Vons sufficiently demonstrated that it neither knew nor should have known about the allegedly dangerous condition and that Peraltas "failed to produce any evidence that the floor was wet with water, grease, oil, or any other substance."

## STANDARD OF REVIEW

We review a trial court's granting summary judgment de novo, "considering all the evidence set forth in the moving and opposition papers except that to which objections have been made

5

and sustained." (*Guz, supra,* 24 Cal.4th at p. 363.) We "liberally constru[e] the evidence in support of the party opposing summary judgment and resolv[e] doubts concerning the evidence in favor of that party." (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.)

Summary judgment is warranted "if all the papers submitted show that there is no triable issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) "The moving party bears the burden of showing the court that the plaintiff 'has not established, and cannot reasonably expect to establish, a prima facie case.' " (*Miller v. Department of Corrections, supra,* 36 Cal.4th at p. 460.) The burden then " 'shifts to the plaintiff to show the existence of a triable issue; to meet that burden, the plaintiff "may not rely upon the mere allegations or denials of its pleadings . . . but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action." ' " (*Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 274.)

## DISCUSSION

A store owner is not the insurer of its patrons' personal safety, but does have a duty to exercise reasonable care to keep the premises reasonably safe for patrons. (See *Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205 (*Ortega*).) This includes a duty to keep the floors safe for patrons' use. (*Tuttle v. Crawford* (1936) 8 Cal.2d 126, 130.) To establish an owner's liability for negligence, the plaintiff must prove duty, breach, causation, and damages. (*Ortega,* at p. 1205.)

The parties do not dispute that Vons has a duty of care to keep its premises reasonably safe for its patrons. The issues

Peraltas presents on appeal are: (1) whether a greasy or oily substance was on the floor where Rose slipped and fell; and (2) whether Vons's sweep inspections of the bakery were adequate and conducted within a reasonable time before her fall. These, Peraltas argue, are triable issues of material fact that should have been decided by a jury.

## I. The presence of a dangerous condition on the floor where Rose fell

To meet its burden of proof, a " 'plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.' " (*Ortega, supra,* 26 Cal.4th at pp. 1205–1206.)

Rose unequivocally stated that she did not see anything on the floor prior to or after her fall. Pellet, who immediately responded to the scene of the fall, inspected the surrounding area and did not find any substances on the floor other than the crumbs that fell from Rose's package of pastries.

Peraltas attempt to establish that the floor was dangerously slippery by introducing hearsay that was already rejected by the trial court. Peraltas argue that Vons was on constructive notice that the floor where she fell was dangerously slippery because Pellet allegedly told her that employees had fallen there in the past. In her deposition, Rose testified that, immediately after her fall, Pellet told her, "many times the employees often fall in this area, taking things in and out of there, the employees fall in that area." Vons objected to the use

7

of Rose's statement that Pellet had told her that employees previously fell in the area where Rose slipped.  Vons argued the statement was hearsay, and the trial court sustained the objection.  Peraltas do not challenge this ruling on appeal. Peraltas have thus waived the issue and we consider the statement to have been properly excluded for all purposes. (*Lopez v. Baca, supra*, 98 Cal.App.4th at p. 1014.)

In its order granting summary judgment, the trial court declared that Peraltas "offered inadmissible, incompetent evidence" and "hearsay."  The trial court also made a finding that "[n]o one else, customer or employee, had fallen at this same location in Vons, either before or after" Rose's fall.  As the trial court sustained Vons's objection to the use of Rose's statement that Pellet said employees had previously fallen on the area of Rose's slip, we may not consider it here.  (*Guz, supra*, 24 Cal.4th at p. 334.)

Peraltas also attempt to establish there was a slippery substance on the floor through Avrit's declaration, in which he opines that the manner in which Rose fell is consistent with a slip created by a foreign substance.  Mere conjecture, however, is "legally insufficient to defeat summary judgment."  (*Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729, 734.)  The mere *possibility* that there was a slippery substance on the floor does not establish causation.  Absent any evidence that there was a foreign substance on the floor, or some other dangerous condition created by or known to Vons, Peraltas cannot sustain their burden of proof.

Peraltas' evidence suggests, at best, that Vons may have breached a duty of care by installing flooring that falls below industry standards when wet.  Without any evidence showing

8

that a slippery substance was in fact on the floor at the time she fell, or that others had slipped in the same location, there is no legitimate basis to support an inference that Vons's breach caused Rose to fall. Speculation does not establish causation; we therefore conclude that there is no admissible evidence to create a triable issue of material fact as to whether Vons was on constructive notice that the floor was slippery or otherwise dangerous.

## II.    Adequacy and timing of inspections

Peraltas also allege there is a factual dispute as to whether Vons inspected the property within a reasonable period of time prior to Rose's fall in order to ensure the flooring was free of any spills or other dangerous conditions. Evidence of a store owner's "failure to inspect the premises within a reasonable period of time prior to the accident is indicative of defendant's negligence and creates a reasonable inference that the dangerous condition existed long enough for it to be discovered by the owner." (*Ortega, supra,* 26 Cal.4th at p. 1211.) A store owner must "inspect the premises or take other proper action to ascertain their condition, and if, by the exercise of reasonable care, the owner would have discovered the condition, he is liable for failing to correct it." (*Id.* at p. 1207.)

In her declaration, Pellet stated that a sweep of the entire store, including the bakery, had been recorded less than eight minutes before Rose fell. Rose, however, claimed that she did not observe any employees in the bakery area during the 10 to 15 minutes she had been in the area waiting for her bread. Rose's statement, however, is insufficient to defeat summary judgment because "a defendant is entitled to judgment as a matter of law if the plaintiff fails to show that the dangerous condition existed for

9

at least a sufficient time to be discovered by ordinary care and inspection." (*Ortega, supra,* 26 Cal.4th at p. 1207.) As discussed above, Peraltas have failed to show that a dangerous condition existed at all. Rose stated she did not see any substances on the floor before or after the fall. Pellet examined the area after Rose's fall and discovered nothing but the crumbs that had fallen from Rose's box of pastries as she fell. While Vons had a duty to inspect the aisles for hazardous conditions, "the minimum duty of a plaintiff is to show that the aisles were in fact unsafe and that she fell because of that condition." (*Vaughn v. Montgomery Ward & Co.* (1950) 95 Cal.App.2d 553, 558.)

We therefore conclude that, even if Vons did not conduct an inspection of the bakery area in the 10 to 15 minutes before Rose's fall, Peraltas have failed to show that Vons would have discovered the condition had it conducted such an inspection. Vons, therefore, cannot be held liable for failing to correct a condition it would not have discovered through the exercise of reasonable care.

## DISPOSITION

The judgment is affirmed. The parties are to bear their own costs on appeal.

JOHNSON, J.

We concur:

CHANEY, Acting P. J.        BENDIX, J.

10

Filed 6/26/18

# CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ROSE PERALTA et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> THE VONS COMPANIES, INC., <br><br> Defendant and Respondent. | B282130 <br> (Los Angeles County <br> Super. Ct. No. BC567623) <br><br> CERTIFICATION AND <br> ORDER FOR PUBLICATION |

The opinion in the above-entitled matter filed May 30, 2018, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.


CHANEY, Acting P. J.        JOHNSON, J.        BENDIX, J.