Filed 7/3/25  Isaacs v. County of Sacramento CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ROBIN ISAACS, | C099369 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2020-00285887-CU-PO-GDS) |
| v. | |
| COUNTY OF SACRAMENTO, | |
| Defendant and Respondent. | |

Robin Isaacs was injured near an airport security checkpoint when she slipped and fell after throwing papers into a trash can.  Isaacs sued the County of Sacramento (County) and others for premises liability on the theory of dangerous condition of public property under Government Code[1] section 835.  To prevail on a claim under section 835, the plaintiff must show "the property was in a dangerous condition at the time of the

---

[1] Undesignated statutory references are to the Government Code.

1

injury, . . . the injury was proximately caused by the dangerous condition, . . . the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and . . . either: [¶] (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or [¶] (b) The public entity had actual or constructive notice of the dangerous condition [with] sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

Isaacs alleged the County was liable for her injuries because it created a dangerous condition by "causing the area to be slippery" when "water and/or a similar substance was allowed to exist and/or accumulate" on the floor. The County filed a motion for summary judgment, which the trial court granted. Seeking reversal, Isaacs asserts the trial court erred in granting summary judgment because there was a genuine issue of material fact as to whether the floor was slippery when she fell. She relies solely on her deposition testimony that the cause of her fall "had to have been something slippery on the floor, water or something like that, that would cause one to slide." We conclude summary judgment was appropriate and thus affirm.

BACKGROUND

Isaacs was in line at an airport security checkpoint when she "slid and fell" after throwing papers into a trash can. She sustained several injuries. Isaacs did not see anything on the floor before or after "she fell that she believed caused her to fall," did not see anyone else fall in the same area, and did not see anyone "clean anything off the floor after her fall." When someone who Isaacs believed was associated with the airport asked her about the cause of her fall, Isaacs responded: "I slid. I don't know. I took a step forward and slid." Isaacs is unaware of any witness who could testify regarding her fall.

Approximately five minutes after the fall, the airport's operations officer responded to the area where Isaacs fell. Isaacs told him the floor was slippery, but the operations officer found the area to be well lit, dry, and free of debris and hazards. The

operations officer noted Isaacs' clothing did not appear to be wet and that she "was wearing wedge type tennis shoes with worn soles." The operations officer verified traction between his athletic shoes and the floor and did not slip. No one summoned the airport's custodian to address or remediate any spill or substance on the floor where Isaacs fell.

Isaacs sued the County and others for premises liability on the theory of dangerous condition of public property under section 835. Isaacs alleged that she fell "when she stepped on water and/or similar substance that was allowed to exist and/or accumulate" on the floor. During her deposition, when Isaacs was asked what caused her to fall, she responded: "The way that I fell, how I slid across the floor, it had to have been something slippery on the floor, water or something like that, that would cause one to slide."

The County filed a motion for summary judgment, arguing Isaacs could not establish that it maintained a dangerous condition of public property because: (1) there was no evidence that a negligent or wrongful act by a County employee created a dangerous condition; (2) there was no evidence that the County had actual or constructive notice of a dangerous condition prior to Isaacs' injury; and (3) the area where the injury occurred was not dangerous when used in a reasonably foreseeable manner.

Isaacs opposed the motion. We are unable to provide a summary of Isaacs' arguments in her opposition brief because Isaacs failed to include the document in the record on appeal and did not provide a reporter's transcript of the hearing;[2] Isaacs only provided her opposition to another defendant's motion for summary judgment. In its ruling, the trial court identified and rejected the following arguments raised by Isaacs: (1) the County's separate statement was procedurally defective; (2) the County failed to

---

[2] Isaacs is admonished for failing to provide a complete record on appeal. (Cal. Rules of Court, rule 8.120.)

meet its initial burden because it "did not present any evidence that the subject area was not a dangerous condition or that it was safe"; (3) the County failed to "present evidence that it was not negligent in the 'ownership, care, control, maintenance, operation, leasing, management, caretaking, repairing' of the area or that it was not 'negligent, careless, and reckless' in [its] failure to properly warn and/or protect the area"; (4) the evidence upon which the County relied was subject to various objections; and (5) the County's evidence did not support the facts in the separate statement.

The trial court found there was no evidence "that there was anything at all on the floor that caused [Isaacs] to fall," and "no evidence that there was a dangerous condition created by the negligent or wrongful act of any County employee, and also no evidence of a dangerous condition of which the County had any notice, actual or constructive." The trial court explained Isaacs' deposition testimony was too speculative to create "a triable issue of material fact [as] to whether any water/substance existed on the floor." Isaacs filed a notice of appeal in August 2023. Her opening brief was filed in January 2025, and this case became fully briefed on April 25, 2025.

## DISCUSSION

"The purpose of a summary judgment proceeding is to permit a party to show that material factual claims arising from the pleadings need not be tried because they are not in dispute." (*Andalon v. Superior Court* (1984) 162 Cal.App.3d 600, 604-605.) We review the grant of a motion for summary judgment de novo. (*Law Offices of Dixon R. Howell v. Valley* (2005) 129 Cal.App.4th 1076, 1092.) In that process, we assume the role of the trial court by independently examining the record and evaluate the correctness of the trial court's ruling, not its rationale. (*Moore v. William Jessup University* (2015) 243 Cal.App.4th 427, 433.)

Isaacs' sole contention on appeal is that the trial court erred in granting summary judgment because there was a triable issue of fact as to whether a dangerous condition existed at the time of her injury. More specifically, she asserts, without any citation to

4

legal authority or cogent analysis, that there was a triable issue of fact as to whether the floor was slippery at the time of her fall. The only purported evidence cited by Isaacs in support of her argument is her deposition testimony that the cause of her sliding "across the floor . . . had to have been something slippery on the floor, water or something like that." She argues her deposition testimony in that regard "alone is enough to establish" that "a jury could reasonably infer that the floor had some substance that made it so slippery that it caused [her] to slip and ultimately fall." We disagree.

First, Isaacs' failure to present a meaningful and reasoned legal analysis supported by citations to authority establishing her deposition testimony created a triable issue of material fact as to the existence of a dangerous condition is fatal to her claim on appeal. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 [conclusory claims of error without "meaningful legal analysis supported by citations to authority and citations to facts in the record" fail]; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 ["[w]e may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt' "].)

Second, we agree with the County that Isaacs is advancing a premises liability theory different from that asserted in her complaint. It is troubling that Isaacs proclaims her "case has never been that the floor was necessarily wet" but is instead "based on the fact that the floor was slippery." Not only is this statement belied by Isaacs' clear and express allegation in the complaint that she fell "when she stepped on water and/or similar substance," but she also most recently argued the floor was wet in her opposition to another defendant's motion for summary judgment. In that brief, Isaacs argued, without any citation to evidence, that "[i]t was foreseeable the subject floor surface would become wet, as at the time of the incident, the subject location was immediately adjacent to a liquid 'dump station' " and "a reasonable inspection would have identified the water

5

on the subject walking surface at the time of the incident." Isaacs' attempt to change her premises liability theory on appeal is accordingly not well-taken.

Third and finally, Isaacs' speculative deposition testimony does not carry her burden to prove the existence of a triable issue of fact "within the issues delimited by the pleadings." (*Orange County Air Pollution Control Dist. v. Superior Court* (1972) 27 Cal.App.3d 109, 113.) "No inference of negligence arises from the mere fact of the fall or from the mere fact the floor was slippery in the absence of proof of some foreign substance on the floor or proof of a dangerous condition created by or known to the defendant." (*Jones v. Hotchkiss* (1956) 147 Cal.App.2d 197, 202; *id.* at pp. 203-204.) To prevail on appeal, the deposition testimony must create a triable issue of material fact as to whether there was water or a similar substance on the floor when Isaacs fell—an argument not presented on appeal and not supported by the deposition testimony.

It is undisputed that, on the day of the fall, Isaacs told someone whom she believed was associated with the airport that she did not know the cause of her fall. Isaacs did not see anything on the floor before or after the fall, no one else fell in the same area, and no one cleaned anything off the floor after Isaacs fell. The airport's operations officer found the area where Isaacs fell to be well lit, dry, and free of debris and hazards, and Isaacs' clothing did not appear to be wet. The airport's operations officer further verified traction between his athletic shoes and the floor and did not slip. Isaacs' subsequent deposition testimony that the cause of her fall "had to have been something slippery on the floor, water or something like that" is nothing more than speculation and conjecture. (*Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729, 732, 734 [the plaintiff's evidence was "legally insufficient to defeat a summary judgment" because she "had no idea as to what caused her to fall" and merely speculated "the floor might have been too slippery at the location where [she] happened to fall"]; see also *Peralta v. Vons Companies, Inc.* (2018) 24 Cal.App.5th 1030, 1036 ["[t]he mere *possibility* that there was a slippery substance on the floor does not establish causation"

and "[a]bsent any evidence that there was a foreign substance on the floor, or some other dangerous condition created by or known to" the defendant, the plaintiffs did not sustain their burden of proof on summary judgment].)

For these reasons, we affirm the judgment granting the County's motion for summary judgment.

DISPOSITION

The judgment is affirmed. Isaacs shall pay the County's costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2), (5).)


_____/s/_____
BOULWARE EURIE, Acting P. J.


We concur:


_____/s/_____
FEINBERG, J.


_____/s/_____
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7