Filed 10/7/25  Sanchez v. Candyland Amusements CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| OSCAR REYES SANCHEZ, | B330505 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 20STCV20583 |
| CANDYLAND AMUSEMENTS, Inc., et al., | |
| Defendants and Respondents; | |
| ACE AMERICAN INSURANCE COMPANY, | |
| Intervener and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Kerry Bensinger, Judge.  Reversed.

Gusdorff Law, Janet Gusdorff; Sottile Baltaxe, Michael F. Baltaxe, Timothy B. Sottile, Nicole C. Burgos Romero; Law Offices of Steven Wolfson and Steve Wolfson for Plaintiff and Appellant.

Clark Hill, David L. Brandon, Penelope M. Deihl, and Sania Sharma for Defendants and Respondents and Intervener and Respondent.

————————————

## INTRODUCTION

Oscar Reyes Sanchez broke his arm while riding down a slide with his children at a church fair. Sanchez sued Candyland Amusements, Inc., Resurrection Catholic Church, the Archdiocese of Los Angeles and Archbishop Jose Horacio Gomez for injuries he sustained on the ride. The trial court granted summary judgment in favor of defendants. We find a triable issue of material fact on the issue of causation and reverse the judgment.

## FACTUAL BACKGROUND

Oscar Reyes Sanchez has two children with Maria Luiza Perez. On June 1, 2018, Sanchez and his family attended a carnival at Resurrection Catholic Church. One of the attractions at the carnival was a Super Slide. The Super Slide was not owned or operated by Resurrection Catholic Church or the Roman Catholic Archbishop of Los Angeles. It was operated by Candyland Amusements, Inc. Participants rode down the Super Slide on burlap sacks placed by an operator.

Sanchez rode the Super Slide with his two children, Jocelyn and Emanuel. Perez watched from the ground. The operator placed a mat for Jocelyn in the middle lane and one for Sanchez in the right lane. The mat was similar to a gunnysack made of hemp or jute fabric. Sanchez sat down, and the operator placed 2-year-old son Emanuel on Sanchez's lap. Jocelyn went down the slide. Sanchez followed, sliding down "pretty fast." At a little past the midpoint of the ride, "I just remember that my—the sack got caught, and it got stuck. And my feet were tangled up, and I fell." Sanchez was holding on to his son with his arms wrapped around him. When asked how he knew the mat was

2

"stuck," Sanchez replied, "I just felt it. I felt it get stuck, and it tangled my feet up." Sanchez and his son were propelled forward while still seated. At the bottom of the slide, Sanchez landed on his side and broke his arm. He does not remember how he fell. He was given no instructions by the operators about the mat or the slide before the incident occurred.

Sanchez underwent elbow surgery and participated in physical therapy for over a year. He has five screws and a metal plate in his right arm. He does not have full range of motion in the right arm at the elbow. Future orthopedic surgery on the right elbow is possible. He lost over $93,000 in wages from his two jobs as cook and waiter. He was off work for 18 months. He can now work only part time because he cannot use his right arm for more than four hours without experiencing pain.

Sanchez does not know what the mat stuck on, if anything. Sanchez did not inspect the slide or mat after he fell. Perez did not see the actual event and does not know what caused him to fall. Her son scraped his forehead and knee in the fall and was crying loudly.

## PROCEDURAL BACKGROUND

Sanchez and Perez, filed an action asserting general negligence, premises liability, and negligent infliction of emotional distress. The action was filed against four parties: 1) Candyland Amusements, Inc. (Candyland), the operator of the slide; 2) Resurrection Catholic Church (Resurrection), the host of the fair; 3) the Roman Catholic Archbishop of Los Angeles (RCALA), erroneously sued as Archdiocese of Los Angeles; and 4) Archbishop Jose Horacio Gomez. Archbishop Gomez was later dismissed from the case. Ace American Insurance Company

(Ace), which provides insurance for Candyland, intervened on behalf defendant Candyland in the action.

Defendants Ace, Resurrection, and RCALA filed a motion for summary judgment, or, in the alternative, summary adjudication. They argued Sanchez failed to prove causation, and his claims were barred by primary assumption of risk. They also asserted that Perez's claim for negligent infliction of emotional distress was barred because she and Sanchez were not married at the time of the injury.

On November 26, 2022, the trial court found defendants had not carried their burden to establish their affirmative defense of primary assumption of the risk.

Relying on *Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729 (*Buehler*), the trial court also held Sanchez cannot establish causation because he does not know what caused his fall. The trial court found his claim of causation speculative. Sanchez failed to establish a connection between the mat becoming stuck and the speed of descent. Further, Sanchez did not show that defendants' failure to post a height restriction caused his injury. Sanchez did not provide evidence supporting his contention that he would have been able to slow his descent with his hands if his son had not been in his lap.

Finally, the trial court granted summary adjudication in favor of defendants as to Perez's claim of bystander negligent infliction of emotional distress because Sanchez and Perez were not married at the time of the injury. On appeal Sanchez does not contest this last ground for granting summary judgment.

4

# DISCUSSION

## I. Applicable Law

On appeal from a grant of summary judgment, we review the trial court's decision de novo, liberally construing the evidence in support of the party opposing summary judgment and resolving doubts concerning the evidence in favor of that party. (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037.) We affirm on any ground supported by the record regardless of the grounds relied upon by the trial court. (*Becerra v. County of Santa Cruz* (1998) 68 Cal.App.4th 1450, 1457.) A motion for summary judgment or summary adjudication must be granted "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., §437c, subd. (c).) "We therefore 'take the facts from the record that was before the trial court when it ruled on that motion.'" (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39.) To prevail on a motion for summary judgment, a moving defendant may prove an affirmative defense, disprove at least one essential element of the plaintiff's cause of action or show that an element of the cause of action cannot be established. (*Sanchez v. Swinerton & Walberg Co.* (1996) 47 Cal.App.4th 1461, 1465.)

Causation is ordinarily a question of fact which cannot be resolved by summary judgment. The issue of causation may be decided as a question of law only if, under undisputed facts, there is no room for a reasonable difference of opinion. (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 864.) As the trial court pointed out, causation must be established by nonspeculative evidence. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 774.)

The elements of a cause of action for negligence and premises liability are the same. A plaintiff must prove a legal duty to use care, breach of that legal duty, and a breach that is a proximate cause of injury. (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1207.) The parties dispute whether Sanchez demonstrated a triable issue of material fact as to causation. Generally, the burden falls on the plaintiff to establish causation. (*Sindell v. Abbott Laboratories* (1980) 26 Cal.3d 588, 597.) The plaintiff must establish causation by showing defendants' negligence is a substantial factor in bringing about the injury. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 968–969.)

## II.    **A Triable Issue of Material Fact As to Causation**

Sanchez argues the condition of the mat led to it getting stuck and causing his fall. He claims a jury would find defendants' negligence proximately caused his injuries based on the poor condition of the mat and his own testimony that he felt the mat snag.

Sanchez explained the mat was in "poor condition," and contends this condition caused the injury. In his response to Resurrection's interrogatories, he said, "[t]he so-called 'mat' was not much of a 'mat' at all, but rather similar to a gunnysack made of hemp or jute fabric." Sanchez further stated the mat was "worn-out." Lay witnesses are allowed to offer opinions based on their perceptions if they are helpful to a clear understanding of the testimony. (Evid. Code § 800, subd. (b); *Kaney v. Custance* (2022) 74 Cal.App.5th 201, 217 (*Kaney*) [if causation presents a question that is within the common knowledge of persons of ordinary education, then expert testimony is not required].)

Sanchez described the incident in his deposition: "Q. Okay. And then can you describe how the accident took place? [¶] A. My

6

daughter went first, and I followed. I was protecting my son. And we were sliding down pretty fast. And I just remember that my—the sack got caught, and it got stuck. And my feet were tangled up, and I fell." Sanchez stated he felt a snag and argues a mat in safe condition for passage would not snag unless there was an issue with the mat or with the slide. In his deposition, Sanchez admitted he did not look at the mat after falling: "Q. Did you ever look at the mat to see if it was ripped or torn from being stuck on something? [¶] A. No." Sanchez does not dispute that he does not know what the mat stuck on. He also does not dispute that he did not inspect the slide or mat after he fell.

Causation may be inferred. "[T]he plaintiff may use circumstantial evidence to satisfy his or her burden [and] the plaintiff need not prove causation with absolute certainty. Rather, the plaintiff need only ' "introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." ' " (*Viner v. Sweet* (2003) 30 Cal.4th 1232, 1242–1243.) Sanchez felt the mat snag. This is a reasonable basis to conclude there is a triable issue of material fact as to whether the condition of the mat and/or the slide itself caused the snag which resulted in Sanchez's fall. That Sanchez does not remember more about the fall does not mean that he lacked nonspeculative evidence of causation. "A slip-and-fall plaintiff need not remember [the] fall to recover damages provided the evidence gives rise to a reasonable and probable inference that the defendant's negligence was a substantial contributing factor." (*Kaney*, *supra*, 74 Cal.App.5th at p. 217.)

7

Sanchez correctly distinguishes *Buehler*, where the plaintiff fell in a grocery store and could not point to anything that may have caused the fall, although she alleged the floor may have been too slippery or improperly waxed. (*Buehler*, *supra*, 224 Cal.App.3d at pp. 733–734) But the plaintiff failed to offer evidence other than her speculation. (*Ibid.*) Indeed, she had no idea what caused her to fall. There was no foreign debris of any type on the floor prior to her fall, and the plaintiff candidly admitted that just before the fall she had not slipped or had any difficulty keeping her footing. The court found it was pure "conjecture" that the floor might have been too slippery at the location where the plaintiff fell. (*Id.* at p. 734.) It therefore affirmed the summary judgment in favor of the grocery store. (*Id.* at p. 735; see also *Peralta v. The Vons Companies, Inc.* (2018) 24 Cal.App.5th 1030, 1035 [summary judgment for defendant affirmed where plaintiff unequivocally stated she did not see anything on the floor prior to or after her fall].)

Unlike in *Buehler*, Sanchez does not contend that he looked at the slide and did not see anything. Instead, Sanchez offered nonspeculative evidence: he testified that he felt the mat snag—a physical sensation—and that testimony is sufficient to raise a triable issue of fact about what caused the fall and subsequent injury.[1]

---

[1] Sanchez's second contention establishing causation is based on the lack of height restrictions displayed near the slide. The trial court refused to take judicial notice of photographs from Candyland's website showing a 42-inch height requirement. Sanchez does not appeal the court's evidentiary ruling. Therefore, there is no admissible evidence in this record about a

On a final causation note, Sanchez asks us to apply the doctrine of res ipsa loquitur to the accident and injuries he suffered. "The doctrine of res ipsa loquitur has three conditions: '(1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' " (*Ybarra v. Spangard* (1944) 25 Cal.2d 486, 489.)

The trial court made no ruling as to whether res ipsa loquitur applies to the alleged facts and we see no reason to do so now. Our holding that a triable issue of material fact exists as to the cause of the accident also makes it unnecessary for us to reach the issue.

III. Primary Assumption of the Risk Doctrine

Respondents argue that they were protected by the primary assumption of the risk doctrine and that the trial court erred in rejecting that defense. "The primary assumption of risk doctrine rests on a straightforward policy foundation: the need to avoid chilling vigorous participation in or sponsorship of recreational activities by imposing a tort duty to eliminate or reduce the risks of harm inherent in those activities." (*Nalwa v. Cedar Fair, L.P.* (2012) 55 Cal.4th 1148, 1156.) Where the doctrine applies to a recreational activity, operators, instructors and participants in the activity owe other participants the duty not to act so as to increase the risk of injury over that inherent in the activity. (*Id.*

---

height requirement or about Sanchez's own height. Thus, he fails to establish evidence of causation on the height issue.

9

at p. 1154.)  However, "owners and operators of sports venues and other recreational activities have an *additional duty* to undertake reasonable steps or measures to protect their customers' or spectators' safety—if they can do so without altering the nature of the sport of the activity.  (*Mayes v. La Sierra University* (2022) 73 Cal.App.5th 686, 698.)  "As a general rule, where an operator can take a measure that would increase safety and minimize the risks of the activity *without altering the nature of the activity*, the operator is required to do so."  (*Grotheer v. Escape Adventures, Inc.* (2017) 14 Cal.App.5th 1283, 1300.)

Here, the trial court found that respondents had proffered no evidence whatsoever to show that there were no reasonable steps that could have minimized the risk of falling forward and off the slide.  Instead, respondents' position was (and is) that the height and speed of the ride cannot be altered without eliminating its thrill.  As the trial court found, this "misconstrues [Sanchez's] injury which was sustained when he fell forward on the slide after being caught on something midway and becoming tangled up."  We agree with the trial court that for purposes of summary judgment respondents failed to carry their burden of showing there were no reasonable steps available to protect against the risk of entanglement and resulting injury while riding the slide.

10

**DISPOSITION**

The judgment is reversed. Appellant shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



VIRAMONTES, J.



RUBIN, J.[*]

---

[*] Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11